UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIFTY-SIX HOPE ROAD MUSIC, LTD.; and ZION ROOTSWEAR, LLC,<br><br>  Plaintiffs,<br><br>  v.<br><br>KOKOB PRINTING; NUNU BELETTE; and TADELE WORKU,<br><br>  Defendants. | Civil No.   05cv1226-L (CAB)<br><br>**REPORT AND RECOMMENDATION TO ENTER DEFAULT AGAINST DEFENDANTS NUNU BELETTE AND KOKOB PRINTING** |

## I. Background

On August 30, 2006, the Court held a Mandatory Settlement Conference. Joseph Costa, Esq., appeared for Plaintiff. Tadele Worku, *pro se*, appeared on his own behalf. Nunu Belette d/b/a Kokob Printing, *pro se*, appeared on her own behalf. During the conference the parties agreed to terms for the entry of a stipulated judgment. Plaintiff's counsel was directed to draft and circulate the documents reflecting the oral agreement reached in chambers.

Plaintiff's counsel forwarded the stipulated judgment draft documents to Ms. Belette for her review and comment at her last known address. Plaintiff's counsel notified the Court on November 2, 2006, that Ms. Belette had not responded and counsel had been unable to reach her by phone or facsimile. The Court also attempted to forward the stipulated judgment documents and other correspondence to Ms. Belette at her last know address on November 13, 2006 and November 16, 2006. Both court mailings were returned with the indication Ms. Belette was no longer at the address and no forwarding address was provided.

The Court attempted to contact Ms. Belette by telephone and facsimile and was informed the numbers were disconnected. On December 13, 2006 and January 24, 2007, the Court held telephonic conferences regarding the status of entry of the stipulated judgment. Ms. Belette did not appear at either conference.

Ms. Belette is in violation of Civ. L.R. 83.11(b) which states "a party proceeding pro se shall keep the court and opposing parties advised as to current address." Neither the Court nor Plaintiff's counsel has a current address or contact information for Ms. Belette. Further Ms. Belette, appears to be deliberately frustrating the completion of the oral agreement she made with Plaintiff's counsel on August 30, 2006 to enter into a stipulated judgment.

## II. Discussion

It is within the sound discretion of the district court to grant a default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

The first *Eitel* factor weighs in Plaintiff's favor. Plaintiff would be prejudiced if default judgment were not granted because it would be denied the right to judicial resolution of the claims presented and would be without other recourse for protection of its intellectual property rights.

The second and third factors also weigh in Plaintiff's favor. Plaintiff has pleaded facts to establish a prima facie case for trademark infringement. Plaintiff may establish a prima facie case of trademark infringement by showing: 1) rightful ownership of the marks in suit; and 2) likelihood of confusion or mistake amongst the public from the defendants' use of the marks. *Jockey Club, Inc. v. Jockey Club of Las Vegas*, 595 F.2d 1167 (9th Cir. 1979). Plaintiff has alleged rightful ownership of a federal trademark in the name, image and likeness of Bob Marley, for use on general merchandise. (Compl. ¶ 8.) Plaintiff has also alleged that Defendants' use of the "Bob Marley" registered trademark has cause confusion and mistake amongst purchasers. (Compl. ¶ 18-20.) The complaint is sufficiently plead and states a viable claim for

trademark infringement. Thus, the second and third *Eitel* factors weigh in favor of granting the default judgment.

The fourth *Eitel* factor, the sum of money at stake, appears also to weigh in Plaintiff's favor. Although no briefing has been submitted on the actual amount of money at stake, Plaintiff undoubtedly stands to lose money if Defendant continues to divert business from Plaintiff with the infringing product.

With regard to the fifth factor, Defendant Belette has submitted nothing to contradict the factual allegations in the complaint. Because it appears she refuses to further participate in this litigation, it is doubtful that she will submit anything to contradict the factual allegations in the complaint. Therefore, there does not appear to be a possibility of dispute concerning the material facts.

The sixth factor also weighs in Plaintiff's favor, because the last time Defendant Belette appeared in this case was at the August 30, 2006 Mandatory Settlement Conference before this Court. Since then, attempts to reach her have been unsuccessful, and she failed to appear at two court-ordered hearings. Defendant Belette is well-aware of this pending litigation and well-aware that the draft stipulated judgment documents would be circulated to her, and she has deliberately made herself unavailable to the Court and to opposing counsel. Such failure to participate cannot be deemed "excusable neglect."

Finally, only the seventh *Eitel* factor weighs against granting the motion for default judgment. The strong policy underlying the Federal Rules of Civil Procedure favor decisions on the merits. *Eitel*, 782 F.2d at 1472. Nonetheless, because of Defendant Belette's deliberate unavailability and frustration of the legal process, a decision on the merits at this point appears unlikely.

### III. Conclusion

In light of Ms. Belette's violation of Civ. L.R. 83.11(b), her failure to appear at two court hearings and her refusal to participate in good faith, the undersigned Magistrate Judge RECOMMENDS that DEFAULT JUDGMENT BE ENTERED against Nunu Belette, individually and d/b/a Kokob Printing.

This Report and Recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). Any party may file written objections with the Court and serve a copy on all parties on or before **February 9, 2007**. The document should be captioned "Objections to Report and Recommendation." Any reply to the objections shall be filed and served **no later than 10 days after being served with the Objections**. The parties are advised that failure to file objections within the

specified time may waive the right to appeal the District Court's order. *Martinez v. Y1st*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED: January 26, 2007

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge