UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIFTY-SIX HOPE ROAD MUSIC, LTD.; and ZION ROOTSWEAR, LLC,<br><br>　　　　　　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>KOKOB PRINTING; NUNU BELETTE; and TADELE WORKU,<br><br>　　　　　　　　　　　　　Defendants. | Civil No.　05cv1226-L (CAB)<br><br>**REPORT AND RECOMMENDATION:**<br>**1)　TO DENY DEFENDANT WORKU'S REQUEST TO JOIN ADDITIONAL PARTIES; and,**<br>**2)　TO DENY DEFENDANT WORKU'S REQUEST FOR A SEPARATE TRIAL.**<br><br>**ORDER DENYING AS MOOT DEFENDANT WORKU'S REQUEST FOR PLAINTIFF'S FINANCIAL INTERESTS** |

　　　　This matter is before the Court on a motion brought by *pro se* Defendant Tadele Worku entitled, "Motion for Seperation [sic] of Parties, Motion for Joining of Additional Parties and Request for Non-Binding Mini-Trial." [Doc. No. 57.] Plaintiffs filed an opposition on March 28, 2007. [Doc. No. 58.] Defendant Worku's motion makes a number of requests, and the Court addresses each request below.

**I. Joinder of Parties**

　　　　Defendant Worku requests that the Court join a number of additional parties with either commercial or religious interests in the case. Rules 19-20 of the Federal Rules of Civil Procedure govern joinder of parties. Rule 19 deals with "joinder of parties needed for just adjudication." Rule 19(a) allows for joinder of parties that are "necessary," and Rule 19(b) requires joinder of parties traditionally considered "indispensable." Under Rule 20, any person may join as a defendant "if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out

of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action."

Here, Defendant Worku lists five entities he believes should be joined, because they have a commercial interest in this litigation. Although Worku makes the cursory assertion that these parties are necessary for judicial efficiency and to "completely adjudicate the matters before the court," he fails to show why these parties are necessary to the litigation. These parties appear to be vendors of products bearing the Bob Marley trademark. Plaintiffs have brought this action against Worku and the other Defendants for alleged trademark infringement, specifically for allegedly manufacturing, distributing and selling unauthorized DVDs of a benefit concert held in Ethiopia, which featured members of Bob Marley's family. It does not appear that any of the vendors Worku wishes to join were involved in the manufacture or selling of the specific DVD involved in this litigation.

Worku also asserts that five churches should be joined in the litigation, because they have "significant constitutional interests in the outcome of this matter." Again, Worku fails to cite to any authority that supports his assertion that joining these five churches would "protect significant constitutional rights . . . and . . . promote judicial efficiency." While Worku has raised a defense based on his religious belief, he fails to show how such a defense relates to the five religious institutions he wishes to join and how their interests are so closely related to this trademark dispute that they need to be joined in this case. Cutting against Worku's argument, these five religious institutions have never made a request in this Court to be joined in the litigation so that their interests could be protected.

Worku fails to show how any of the parties he wishes to join are "necessary" or "indispensable" under Rule 19. He also fails to show that the same transaction, occurrence, or a series of transactions or occurrences, or that any question of law or fact are common between the existing defendants and the parties he wishes to join. Therefore, permissive joinder under Rule 20 is also inappropriate here. Accordingly, this Court **RECOMMENDS** that Worku's motion to join additional parties be **DENIED**.

**II. Request for a "Non-Binding Mini-Trial"**

Worku also requests "a separate hearing and mini-trial under Local Rule 16.1(f)." Civil Local Rule 16.1(f), however, does not have a provision for such a "separate mini-trial." Rule 20(b) does allow for separate trials to "prevent a party from being embarrassed, delayed, or put to expense by the

inclusion of a party against whom the party asserts no claim and who asserts no claim against the party." Rule 42(b) allows for separate trials of claims or issues "in furtherance of convenience or to avoid prejudice."

Here, Worku requests a trial separate from the other defendants in this case. However, he has failed to show how a separate trial would prevent him from being "embarrassed, delayed or put to expense" or how a separate trial would be more convenient or avoid prejudice. Worku argues a separate trial would clear one defendant from the Court's calendar, but he fails to show how this is more efficient than going forward with all defendants and disposing of the case entirely in one complete trial. Finally, Worku argues that he is "unique" from the other Defendants, because his actions were "not done for profit." According to Plaintiffs, however, documents obtained pursuant to a seizure order suggest otherwise. This is a matter to be determined at trial. Worku has failed to show why the claims against him should be tried separately from the other Defendants. As such, this Court **RECOMMENDS** that Worku's request for a separate trial be **DENIED**.

### III. Request for Plaintiff to Identify All of Their Financial Interests

Defendant Worku also requests that Plaintiffs fully identify all of their financial interests, consistent with Civil Local Rule 40.2. According to Plaintiffs, they have already submitted a notice of party with financial interest, and a review of the docket of this case confirms that. [Doc. No. 4.] Therefore, Worku's request is **DENIED** as moot. To the extent Worku wishes to propound discovery, he must follow the Federal Rules of Civil Procedure and the Local Rules.

### IV. Future Requests or Filings by Worku

Worku is further advised that any documents or motions he wishes to file with the Court need to conform to the Federal Rules of Civil Procedure and the Civil Local Rules of the Southern District of California. Despite his *pro se* status, Defendant must abide by the applicable procedural rules. Failure to comply may result in penalties under Civil Local Rule 83.1 and may result in his request not being heard.

///
///
///

## CONCLUSION

Based upon the foregoing discussion, this Court **RECOMMENDS** that Defendant Worku's request to join additional parties be **DENIED** and request for a separate mini-trial be **DENIED**. Further, Worku's request that Plaintiffs identify all of their financial interests pursuant to Civil Local Rule 40.2 is **DENIED** as moot.

This Report and Recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). Any party may file written objections with the Court and serve a copy on all parties on or before **April 23, 2007**. The document should be captioned "Objections to Report and Recommendation." Any reply to the objections shall be filed and served **no later than 10 days after being served with the Objections**. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Y1st*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED: March 29, 2007

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge