UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIFTY-SIX HOPE ROAD MUSIC, LTD., a Bahamian International Business Company; ZION ROOTSWEAR, INC., a Florida Limited Liability Company,<br><br>Plaintiffs,<br><br>v.<br><br>KOKOB PRINTING, a California entity; *et al.*,<br><br>Defendants. | Civil No. 05cv1226-L(NLS)<br><br>**ORDER ADOPTING THE REPORT AND RECOMMENDATION [doc. #59] and DENYING DEFENDANT WORKU'S REQUESTS FOR A SEPARATE TRIAL AND TO JOIN ADDITIONAL PARTIES [doc. #57]** |

*Pro se* defendant Tadele Worku filed a "Motion for Seperation [sic] of Parties, Motion for Joining of Additional Parties and Request for Non-Binding Mini-Trial" on March 20, 2007. The matter was referred to the magistrate judge assigned to this case under 28 U.S.C. § 636(b)(1)(A) and Civil Local Rule 72.1(c). United States Magistrate Judge Nita L. Stormes issued a Report and Recommendation ("Report") on March 29, 2007 [doc. #59] which recommended that defendant Worku's requests be denied. The parties were directed to file any objections to the Report by April 23, 2007. To date, neither party has filed objections nor sought additional time in which to file objections.

The district court's role in reviewing a Magistrate Judge's report and recommendation is set forth in 28 U.S.C. § 636(b)(1). Under this statute, the district court "shall make a *de novo*

determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. Under this statute, "the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.) (en banc), *cert. denied*, 124 S. Ct. 238 (2003).

## Discussion

As discussed in the Report, defendant's request to join additional parties fails under Federal Rule of Civil Procedure 19 because the entities and churches he proposes to add as parties are neither necessary or indispensable for a just adjudication. Defendant's request also fails under the test for permissive joinder found in Federal Rule of Civil Procedure 20. The Court concludes that the Report amply provides support for the magistrate judge's recommendation that defendant's request be denied.

Defendant Worku also requests a separate hearing and "non-binding mini-trial" under Local Civil Rule 16.1(f). As the magistrate judge correctly notes Local Civil Rule 16.1 does not provide for a separate mini-trial but instead sets forth the procedure for a pre-trial conference. Although Federal Rule of Civil Procedure 20(b) permits, in a limited circumstance, a separate trial, defendant Worku has not demonstrated he falls within that circumstance. Similarly, Federal Rule of Civil Procedure 42(b) allows for separate trials of claims or issues when convenience requires or to avoid prejudice. Again, as discussed by the magistrate judge, defendant Worku has not demonstrated why his claims should be tried separately from the other defendants.

Because the parties have not objected to the Report and Recommendation, the Court need not review the magistrate judge's finding *de novo*. Nevertheless, the Court has reviewed the Report and Recommendation and finds the magistrate judge has presented a well-reasoned discussion of the issues presented by the parties.

. . .

. . .

. . .

1   Accordingly, **IT IS ORDERED** adopting the Report and Recommendation in its
2   entirety. **IT IS FURTHER ORDERED** denying defendant Worku's request to join additional
3   parties and for a separate trial [doc. #57].
4   **IT IS SO ORDERED**.

6   DATED:  April 26, 2007

            _____
            M. James Lorenz
            United States District Court Judge

9   COPY TO:
10  HON. NITA L. STORMES
    UNITED STATES MAGISTRATE JUDGE
12   ALL PARTIES/COUNSEL